In the Matter of **PITTSBURGH TERMINAL COAL CORP.**, Debtor.

No. 20716.

United States District Court
W. D. Pennsylvania.

Feb. 6, 1956.

---

Leonard H. Levenson, Pittsburgh, Pa., for Pittsburgh Terminal Coal Corp.

Lee W. Eckels, Pittsburgh, Pa., for Fidelity Trust Company.

GOURLEY, Chief Judge.

This matter arises out of a reorganization proceeding in which claimant acted as depository for certain funds of debtor, in which two questions exist for determination:

1. Is compensation due bank depository?

2. Did depository wrongfully detain funds? If answer is "Yes", is debtor entitled to interest from date of wrongful detention?

It is not in dispute that claimant rendered service to debtor between the years 1939 to 1945 inclusive. No agreement existed between the parties as to the basis for compensation. No representative of the bank was able to state the number of hours applied in the administration of said account. The service related to debtor's workmen's compensation liabilities and, more particularly, as to the approval in countersigning of checks in which it had been previously determined that employees were entitled to compensation payments.

■ A full and complete hearing was afforded the parties and on the basis of the oral and documentary testimony presented, it is my conclusion a just award to the claimant for acting as depository of debtor's funds is $1,500. I further conclude that the bank depository did not wrongfully detain funds of debtor.

Claim of debtor will be denied.

Court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. Colonial acted as depository for Terminal's Workmen's Compensation payments pursuant to written agreements among Terminal, Colonial, and the Pennsylvania Bureau of Workmen's Compensation dated January 31, 1934, August 7, 1935, and March 27, 1937.

2. Terminal went into federal receivership on April 19, 1939, and, on July 18, 1939, by written agreement among the receivers, Colonial, and the Bureau, Colonial continued to be the depository. The proceedings for the reorganization of Terminal under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., were instituted on January 2, 1940.

3. The agreements, prior to that of July 18, 1939, do not provide for compensation to Colonial, and, by stipulation of its counsel, Colonial's claim is limited to the period subsequent to July 18, 1939.

4. During the period subsequent to July 18, 1939, payments were made to Terminal's Workmen's Compensation claimants in accordance with the following procedure: A list of persons entitled to workmen's compensation payments and the respective amounts was prepared by Terminal and sent to the Bureau of Workmen's Compensation at Harrisburg for approval. After the list was

approved by the Bureau, it was returned to Terminal who prepared vouchers in accordance with the list. The list and vouchers were then submitted to Colonial, which verified the name of the payee and amount of each voucher against the corresponding items on the list, countersigned the vouchers, and returned them to Terminal who mailed out the checks.

5. There was a total of 142 lists comprising 6,869 vouchers and the total of all 6,869 vouchers was $102,000.

6. Prior to July 18, 1939, there was a principal balance of $110,346.28. There were no receipts or disbursements of income subsequent to July 18, 1939. There were no receipts of principal subsequent to July 18, 1939. Disbursements subsequent to July 18, 1939 were limited for payment of the workmen's compensation checks. The last disbursement was made on September 7, 1945 at which time there was a balance of $8,087.99.

7. Colonial kept no record of the time spent in checking the lists nor was Colonial able to estimate the time consumed in rendering this service.

8. The account was in the nature of a custodian agency account.

9. The fair value of the compensable services rendered by Colonial to Terminal subsequent to July 18, 1939 is $1,500.

10. The last list of workmen's compensation vouchers was verified by Colonial on September 7, 1945, leaving a balance after payment of $8,087.99.

11. The balance of $8,087.99 was in the possession of Colonial as a credit in a bank account for ten years until, by order of court entered May 24, 1955, on stipulation of counsel, $3,087.99 of the balance was turned over to Terminal. The remaining $5,000 was, on April 25, 1955, orally directed by the court to be invested.

12. The Trustee of Terminal never requested that said fund be placed into an interest bearing account.

## Conclusions of Law

1. There is owing by Terminal to Colonial the sum of $1,500 as the fair value of Colonial's compensable services during the period subsequent to July 18, 1939.

2. Terminal is not entitled to any recovery pursuant to its counterclaim.

3. Fidelity Trust Company, as successor to Colonial Trust Company, should be directed to pay to Terminal the balance remaining on deposit of $5,000 less $1,500 with any interest accrued on said balance subsequent to May 24, 1955.

An appropriate order is entered.